Sam Johnson
JOHNSON & MONTELEONE, L.L.P.
350 North Ninth Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
sam@treasurevalleylawyers.com
Idaho State Bar No. 4777

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATALIE SNOW,<br><br>    Plaintiff,<br><br>v.<br><br>POCATELLO HOSPITAL, LLC, d/b/a PORTNEUF MEDICAL CENTER, a Delaware company, ARDENT HEALTH SERVICES, LLC, a Delaware Company, and John and Jane Does I through X, whose true identifies are unknown,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the above-named Plaintiff, Natalie Snow, by and through her attorney of record, Sam Johnson of the law firm of Johnson and Monteleone, L.L.P., and, for her claims and causes of action against the above-named Defendant, complains and alleges as follows:

### PARTIES

1.  At all relevant times herein mentioned, Plaintiff Natalie Snow, was and is a resident of Bannock County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2. At all relevant times herein mentioned, Defendant Pocatello Hospital, LLC d/b/a Portneuf Medical Center (hereinafter referred to as "Portneuf") was and is a Delaware company with its principal place of business in Nashville, Tennessee. Portneuf Medical Center is located in Pocatello, Idaho.

3. Defendant Ardent Health Services, LLC is a Delaware company (hereinafter referred to as "Ardent"). Ardent's principal place of business is in Nashville, Tennessee. Ardent, owns, operates, and manages Portneuf Medical Center in Pocatello, Idaho.

4. At all times relevant to this action, John/Jane Does I through X, whose true identities are presently unknown ("the Doe Defendants"), Defendants, are now and at all times relevant to this action were entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of the Defendants specifically identified herein or are entities or individuals acting on behalf of, in a master/servant or principal/agent relationship with, or in concert with Defendant named herein.

5. At all times relevant herein mentioned, Plaintiff was an employee of Defendants.

6. All actions and omissions giving rise to Plaintiff's claims took place in Pocatello, Idaho.

## JURISDICTION, AND VENUE

7. This is a civil action over which this Court has jurisdiction pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. Additionally, this Court shares concurrent jurisdiction with the courts of the state of Idaho in matters arising

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

under the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.* This Court's jurisdiction over Plaintiff's state law claim is founded upon 28 U.S.C. § 1367.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), because Portneuf is located in the state of Idaho and all acts complained of occurred in Pocatello, Idaho.

## GENERAL ALLEGATIONS

9. Plaintiff began her employment as the Chief Nursing Officer ("CNO") for the Portneuf Medical Center located in Pocatello, Idaho, in February, 2014.

10. As the CNO, Plaintiff remained responsible for all nursing services provided throughout the medical center and responsible for the leadership and direction of seven (7) managers, nine (9) directors, and over five hundred (500) members of the support staff.

11. At all times relevant hereto, Plaintiff reported directly to Dan Ordyna, the CEO of Portneuf Medical Center.

12. Plaintiff received solid performance evaluations for years 2014, 2015, and 2016.

13. On or about Monday, September 25, 2017, Plaintiff attended a meeting with several of her peers and colleagues. Mr. Ordyna presided over the meeting in his capacity as CEO of the hospital. During the meeting, Mr. Ordyna repeatedly engaged in humiliating and intimidating conduct through his behavior, words, and actions towards Plaintiff in front of her peers over matters trivial in nature. Although this was not the first incident on behalf of Mr. Ordyna, it was the first instance where Mr. Ordyna had committed the acts in front of Plaintiff's peers. The environment in the meeting turned so hostile that Plaintiff eventually and politely asked Mr. Ordyna to move on with the meeting and suggested he take up the

next topic on the agenda. The humiliating conduct continued, and Plaintiff ultimately excused herself from the meeting.

14. Two days later, on Wednesday, September 27, 2017, Plaintiff met with Mr. Ordyna. During this meeting, Plaintiff reported her concerns about how Mr. Ordyna had conducted himself during the meeting held the Monday before, expressing her objections to and concerns over the way in which he humiliated, embarrassed and bullied her in front of her peers.

15. Plaintiff was reluctant to air her grievances directly with the CEO, but deemed it important to speak professionally and candidly with him about it, so that she would not be subjected to further humiliation and degradation in the workplace. Plaintiff also believed that Respondent's written policy against retaliation would protect her in the event Mr. Ordyna elected to take adverse employment action against her.

16. Two days later, on Friday, September 29, 2017, Mr. Ordyna approached Angela Beaudry, Vice President of Employee Relations, and directed Ms. Beuadry to launch an investigation of Plaintiff, based upon contrived accusations about "staff concerns." Unbeknownst to Plaintiff, Ms. Beuadry began her investigation right away.

17. The environment in the workplace remained intimidating and hostile over the course of the Beuadry investigation. Plaintiff traveled on a business trip to Nashville Tennessee in early October 2017, and sat next to Mr. Ordyna on the flight, both going and returning, and Mr. Ordyna did not speak a single word to Plaintiff.

18. On Monday, October 9, 2017, Ms. Beaudry interviewed Plaintiff with respect to her investigation and, at the conclusion of the interview, sent Plaintiff home based upon some bizarre allegations relating to "staff concerns."

19. Later on the same day, Plaintiff was called back into work and was summarily terminated on the pretextual grounds that she had violated the hospital's Code of Conduct.

20. It was Mr. Ordyna who made the decision to fire Plaintiff.

21. Until her unlawful termination, Plaintiff had never been disciplined, warned, or reprimanded in any form or fashion.

22. In carrying out the termination, the Defendant failed to discipline Plaintiff in a manner consistent with disciplinary measures take against her male counterparts.

23. Defendant agreed to investigate Plaintiff's report about the conduct of the CEO but failed to do so. Plaintiff's case has been administratively dismissed by the both the IHRC and EEOC and Plaintiff obtained a Notice of Right to sue from each agency less than ninety (90) days ago.

24. Portneuf is an employer within the meaning of the Idaho Human Rights Act, Idaho Code § 67-5902(6), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*

## COUNT ONE
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AND THE IDAHO HUMAN RIGHTS ACT
### Disparate Treatment

25. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

26. Portneuf's disparate treatment and termination of Plaintiff was based on Plaintiff's gender.

27. The actions of Portneuf in discriminating against and terminating Plaintiff because of her gender is in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000(e) *et seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibit discrimination in employment based on gender.

28. Plaintiff was subject to conduct and discipline that her male counterparts did not endure for the same or similar conduct.

29. Plaintiff is entitled to recover damages, including back and front pay and lost benefits, compensatory and punitive damages, and attorney fees because of Portneuf's discriminatory conduct.

30. Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action pursuant to Title VII and the Idaho Human Rights Act.

### COUNT TWO
### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AND THE IDAHO HUMAN RIGHTS ACT
#### Sexual Harassment/Hostile work environment

31. Plaintiff incorporates herein by reference all the foregoing and following allegations of the Complaint.

32. Portneuf, through the acts of the above-mentioned individuals throughout Plaintiff's employment, created an abusive and hostile work environment in which Plaintiff was discriminated against because of her gender. Such actions were severe enough to alter Plaintiff's job and created a hostile working environment.

33. The wrongful treatment concerning Plaintiff's terms and conditions of employment by Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., and constituted gender discrimination and harassment.

34. Portneuf committed the acts alleged, or failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice, and in

conscious disregard of Plaintiff's rights. Plaintiff may thus recover punitive damages from Portneuf in amount to be proven at trial.

35. Plaintiff is entitled to recover damages, including back and front pay and lost benefits, compensatory and punitive damages, and attorney fees because of Portneuf's discriminatory conduct.

36. Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action pursuant to Title VII and the Idaho Human Rights Act.

### COUNT THREE
### VIOLATONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000(e) *et seq.* AS AMENDED AND THE THE IDAHO HUMAN RIGHTS ACT
### (I.C. § 67-5901, *et seq.*)
### Retaliation

37. Plaintiff incorporates herein by reference all the foregoing and following allegations of the Complaint.

38. Plaintiff complained and reported to her direct supervisor and the CEO about the conduct that violated Title VII and the Idaho Human Rights Act. Plaintiff directly asked for such conduct to stop.

39. Portneuf wrongfully retaliated against Plaintiff for engaging in protected activity of complaining of violations of Title VII of the Civil Rights Act of 1964 during her employment.

40. Portneuf wrongfully retaliated against Plaintiff by taking adverse employment action against her.

41. As a direct and proximate result of Plaintiff's complaints of violations of Title VII of the Civil Rights Act to her direct supervisor and the CEO, Portneuf began an

investigation on Plaintiff and then summarily discharged Plaintiff's employment in violation of Title VII and the Idaho Human Rights Act.

42. Portneuf committed the acts alleged, or failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff may thus recover punitive damages from Portneuf in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. Award Plaintiff back pay, pre-judgment interest, back fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above in an amount to be proven at trial.

2. Award Plaintiff front pay, front fringe benefits, and other future compensation in an amount to be proven at trial;

3. Award compensatory damages for emotional distress, pain and suffering, and other noneconomic damages in an amount to be proven at trial;

4. Award Plaintiff the costs of this action, including reasonable attorney fees;

5. Award Plaintiff such other and further legal and equitable relief as this Court deems just and proper.

DATED: This 18 day of July, 2019.

JONSON & MONTELEONE, L.L.P.

_____
Sam Johnson
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury composed of no less than twelve (12) persons on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

JONSON & MONTELEONE, L.L.P.

_____
Sam Johnson
Attorneys for Plaintiff